UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

WOSBELY ISAAC VASQUEZ GONZALES,

Petitioner,

v.

WARDEN, IMPERIAL REGIONAL DETENTION FACILITY, et al.,

Respondents.

Case No.: 3:26-cv-3121-CAB-AHG

**ORDER:**

**(1) DENYING PETITION FOR A WRIT OF HABEAS CORPUS; and**

**(2) DENYING MOTION TO EXPEDITE AS MOOT, [Doc. No. 11].**

Pending before the Court is Petitioner Wosbely Isaac Vasquez Gonzales' petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [Doc. No. 1 ("Petition").] Petitioner alleges that he was re-detained on October 30, 2025 in violation of the Fifth Amendment's Due Process Clause. On September 3, 2026, Petitioner filed a motion to expedite. [Doc. No. 11.] For the reasons set forth below, the Court **DENIES** the Petition and **DENIES** the motion to expedite **AS MOOT**.

## I. BACKGROUND

Petitioner entered the United States as a minor in 2015, was detained by immigration authorities, and then released. [Petition at 3; Doc. No. 6 at 1.] On October 30, 2025, Immigration and Customs Enforcement officers stopped Petitioner while he was driving to

work in Salisbury, Maryland. [Petition at 4.] Immigration authorities reviewed his history, determined he had recently been convicted of driving under the influence, issued a new notice to appear ("NTA"), and took him into custody. [Doc. No. 8-2 at 4.]

On November 24, 2025, Petitioner filed a petition for a writ of habeas corpus in the Southern District of Florida, contending that he was eligible for bond under 8 U.S.C. § 1226 and not subject to mandatory detention under 8 U.S.C. § 1225. [*Vazquez Gonzalez v. Executive Officer of Immigration Review, et al.*, Case No. 0:25-cv-62393-RS.] That court agreed with Petitioner and ordered a bond hearing under § 1226. On February 3, 2026, the Immigration Judge ("IJ") denied bond after finding that Petitioner posed a danger to the community. [Doc. No. 8-3 at 2.] Petitioner has a pending appeal of the IJ's denial of bond to the Board of Immigration Appeals ("BIA"). [*See* Doc. No. 1-3 at 3.] Petitioner has been detained since October 30, 2025, and he is currently at the Imperial Regional Detention Facility in California. [Petition at 1–2.]

Respondents do not contest any of Petitioner's asserted facts. [Doc. No. 5.] Nor do they make any legal arguments against his Fifth Amendment claims. Respondents argue that "Petitioner is subject to mandatory detention under § 1225(b)(2)" but "defer[] to the Court on the appropriate relief." [Id. at 2–3.]

## II. LEGAL STANDARD

Under 28 U.S.C. § 2241, the Court has the authority to determine a petition for a writ of habeas corpus in which a petitioner asserts he is being held in custody "in violation of the Constitution or law or treaties of the United States." 28 U.S.C. § 2241(c)(3). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). The petitioner bears the burden of demonstrating that he is in illegal custody. *See Martinez v. Noem*, No. 25-CV-2740-BJC-BJW, 2025 WL 3171738, at *2 (S.D. Cal. Nov. 13, 2025).

///

///

## III. DISCUSSION

Though Respondents argue that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2) and not discretionary detention under 8 U.S.C. § 1226, they acknowledge that "Courts in this District[] have repeatedly reached the opposite conclusion under the same and/or similar facts." [Doc. No. 5 at 2.] Petitioner argues, however, that having lived in the United States for about ten years before his most recent detention, immigration authorities revoked his liberty without due process and he should be released outright. [Doc. No. 6 at 2–3.] He also argues that "Respondents offer no evidence that Petitioner violated any condition of his release." [*Id.*] The Court disagrees.

Petitioner was convicted of a DUI approximately one month prior to his re-detention. Though 8 U.S.C. § 1226(b) allows for the revocation of prior release "at any time," the Board of Immigration Appeals has held that an IJ's previous bond determination should not be changed by immigration authorities absent a change of circumstance. *See Matter of Sugay*, 17 I. & N. Dec. 637, 640 (B.I.A. 1981); *Saravia v. Sessions*, 280 F. Supp. 3d 1168, 1197 (N.D. Cal. 2017), *aff'd sub nom. Saravia for A.H. v. Sessions*, 905 F.3d 1137 (9th Cir. 2018). Here, Petitioner's DUI conviction may represent a change in circumstances that permits re-detention. Furthermore, Petitioner already received a bond hearing following his re-detention. [Doc. No. 8-3 at 1.] *See Mata Perez v. Hernandez*, No. 2:26-CV-01087-LK, 2026 WL 1506346, at *9 (W.D. Wash. May 29, 2026) (granting a bond hearing, and not immediate release, to a similarly situated petitioner). The Court therefore declines to order an additional bond hearing.

The Court declines to review the bond determination before Petitioner exhausts his administrative remedies. The Ninth Circuit has held that pursuing habeas review of an IJ's denial of bond before appealing to the BIA is "improper" and Petitioner should "exhaust[ ] administrative remedies by appealing to the BIA before asking the federal district court to review the IJ's decision." *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011). Petitioner must await the BIA's decision before seeking habeas review in this Court.

///

## IV. CONCLUSION

For the reasons above, the Court **DENIES** the Petition. With the Petition denied, the Court **DENIES** the motion to expedite **AS MOOT**. The Clerk of Court shall close the case.

It is **SO ORDERED**.

Dated: September 24, 2026

Hon. Cathy Ann Bencivengo
United States District Judge